J-S03035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
       :        PENNSYLVANIA
     Appellee      :
       :
     v.      :
       :
JOHN ROY BARLOW, JR.,      :
       :
     Appellant      :      No. 1051 WDA 2016

Appeal from the Judgment of Sentence July 8, 2016
in the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001653-2015

BEFORE: OLSON, SOLANO, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:      **FILED MARCH 17, 2017**

John Roy Barlow, Jr. (Appellant) appeals from the judgment of sentence imposed following his convictions for the summary offenses of driving during suspension – DUI related, failing to obey stop signs, and careless driving. We affirm.

Appellant was arrested and charged with the aforementioned summary offenses, as well as a misdemeanor charge of fleeing and eluding. The matter proceeded to trial, at which time the parties agreed that a jury would decide the charge of fleeing and eluding, and the trial court would decide the summary offenses.

The testimony presented at trial established the following. At approximately 8:15 on the evening of September 21, 2015, Trooper Brian

Shevitz[1] of the Pennsylvania State Police witnessed a maroon Toyota Tacoma pickup truck fail to stop at a stop sign before making a left hand turn into the path of an oncoming car, which had to brake suddenly to avoid a collision. The trooper testified that there were skid marks left on the road as a result of the car's sudden stop.

The trooper activated his vehicle's emergency lights and siren and began to follow the pickup truck. The truck slowed its speed, put on its turn signal, and eventually turned in to a driveway. The trooper pulled in the driveway behind the truck. A man, later identified as Appellant, exited the driver's side of the truck, looked at the trooper and exclaimed "fuck," before walking away. The trooper ordered Appellant to stop. Appellant replied, "wait a minute," and continued to walk away from the trooper.

While this was happening, the truck's female passenger, later identified as Crystal Long, exited the truck and ran into a copse of pine trees immediately next to the passenger side of the truck. Trooper Shevitz gave chase and eventually apprehended Ms. Long. However, by the time Trooper Shevitz returned to the driveway with Ms. Long, Appellant was gone. Backup arrived and a search ensued for Appellant to no avail.

Appellant's vehicle was towed from the scene. A PennDOT search revealed that the license plate on the truck was registered to Appellant. Trooper Shevitz was able to obtain Appellant's driver's license and positively

_____

[1] The trial court opinion misspells the trooper's last name as "Chevitz." We use the spelling that Trooper Shevitz used in the affidavit of probable cause.

identified Appellant as the man driving the truck and, subsequently, identified Appellant in court. Additionally, the Commonwealth presented a certified copy of Appellant's driving record to the court in support of the driving under suspension – DUI related charge.

Ms. Long testified on behalf of the Commonwealth that she was so drunk that she did not recall the day of the incident and, although she has known Appellant for a long time, she believed it was her sister who picked her up from the bar that evening because that is what her sister told her.

Appellant did not testify on his own behalf, but presented alibi testimony from John Christopher Dunder, who claimed that Appellant was working with him as a welder on the evening of the incident.

After hearing this evidence, the jury returned a verdict of not guilty as to the misdemeanor fleeing and eluding charge; however, the court found Appellant guilty of the remaining summary offenses. On July 8, 2016, Appellant was sentenced to a term of 60 days' incarceration on the offense of driving during suspension – DUI related and associated costs and fines. The court imposed a fine at the other two charges. This appeal followed. Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

On appeal, Appellant claims that the evidence was insufficient to support his convictions. Our standard of review is to determine

> whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying

[the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 716 (Pa. Super. 2015) (citation omitted).

The entirety of Appellant's sufficiency-of-the-evidence argument is as follows.

Here, [Appellant] put forward a credible alibi defense in the form of the testimony of [] Dunder. Dunder who testified that [Appellant] was working the night of the incident. [(*sic*)] Dunder was a co-worker of [Appellant's]. Nothing about Dunder's testimony suggested he was not telling the truth of [Appellant's] whereabouts on that day.

The trial court should have found Dunder's testimony credible and found that [Appellant] was not driving and is therefore not guilty.

Appellant's Brief at 11.

While couched as a sufficiency argument, Appellant fails to specify which element or elements of the summary convictions he is challenging. Rather, Appellant asks this Court to reweigh the evidence in his favor. This we will not do. Our case law is clear that the finder of fact is "in the best position to view the demeanor of the Commonwealth's witnesses and to assess each witness' credibility." ***Commonwealth v. Olsen***, 82 A.3d 1041,

1049 (Pa. Super. 2013) (citation omitted). Here, the trial court was presented with the testimony of Trooper Shevitz, Ms. Long, and Dunder. The court was free to find credible the testimony of the Commonwealth's witnesses and resolve any inconsistencies in the Commonwealth's favor. We will not disturb that decision on appeal.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2017